**ROBROY INDUSTRIES INCORPORATED, Plaintiff–Appellant**

v.

**Joseph SCHWALBACH; CL Systems Corporation, Defendants–Appellees.**

No. 11–50585.

United States Court of Appeals, Fifth Circuit.

June 1, 2012.

Franklin Howard McCallum, Jr., Esq., W. Clayton Gaston, Gaston & Strain, L.L.P., Midland, TX, for Plaintiff–Appellant.

Steven Carroll Kiser, Andrew Harper Estes, Esq., Billy Blue Hyatt, Esq., Lynch, Chappell & Alsup, P.C., Midland, TX, for Defendants–Appellees.

Before REAVLEY, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Robroy Industries, Inc., ("Robroy") appeals from the district court's take-nothing final judgment in favor of Defendants–Appellees Joseph Schwalbach ("Schwalbach") and CL Systems Corporation ("CLS"). For the reasons discussed below, we AFFIRM.

## I. Facts and Procedural History

Robroy develops, designs, manufactures, installs, and supplies liners for pipes used in oil wells. Robroy initially hired Schwalbach as an engineering manager and later elevated him to Vice–President of Engineering. Schwalbach entered into a confidentiality agreement with Robroy that, in relevant part, prohibited Schwalbach from disclosing any of Robroy's confidential in-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47:5.4.

formation, trade secrets, and know-how. The agreement lacked a non-compete provision.

In February 2005, Schwalbach conferred with potential investors about starting a business in the same field as Robroy. A month later, Schwalbach resigned from Robroy and formed CLS.

Robroy subsequently sued Schwalbach and CLS in federal court. The case proceeded to trial. Ultimately, the district court submitted to the jury five issues: misappropriation of trade secrets, breach of contract, breach of fiduciary duty, civil conspiracy, and damages. Only if the jury found in favor of Robroy on the misappropriation of trade secrets and breach of fiduciary duty questions (Questions Nos. 1 and 3) was the jury to reach the civil conspiracy question (Question No. 4). Similarly, reaching the compensatory damages question (Question No. 5) was conditioned upon the jury's finding in favor of Robroy on at least one of the four causes of action.

Notably, Question No. 3 framed the breach of fiduciary duty issue:

> Did Joseph Schwalbach *comply with his fiduciary duties* to Robroy Industries which arose because of his employment with Robroy Industries? [1]
>
> Because a relationship of trust existed between them, Joseph Schwalbach owed Robroy Industries a fiduciary duty. To prove that Joseph Schwalbach *failed to comply with his fiduciary duty* to Robroy Industries, Robroy Industries must prove one or more of the following:
>
> a. *Joseph Schwalbach engaged in transactions* that were unfair and inequitable to Robroy;
>
> b. *Joseph Schwalbach failed to act* in utmost good faith and exercise the most scrupulous honesty toward Robroy Industries; or
>
> c. *Joseph Schwalbach failed to place* the interest of Robroy Industries before his own interest, or used the advantage of his position to gain a benefit for itself [sic] at the expense of Robroy Industries, or placed himself in a position where his self interest conflicted with his obligations to Robroy Industries.

(emphasis added).

The jury returned a verdict that—at least to the judge and all counsel at the time—absolved the Defendants of liability on all counts and awarded Robroy nothing, answering "NO" to the misappropriation, breach-of-contract, and breach-of-fiduciary-duty questions and "Ø" for the compensatory damages question. Robroy, in fact, moved for a new trial, which the district court denied.

Robroy later filed a Rule 60 motion for relief from judgment, arguing that Question No. 3's peculiar wording meant that the jury's "NO" answer indicated that

1. This somewhat confusing approach to the fiduciary duty question comes from the Texas Pattern Jury Charge ("PJC"). *See* § 104.2 at 113 (2003). Under the PJC, a presumption of unfairness arises when a person in a formal fiduciary relationship is alleged to have engaged in self-dealing. *Id.* at 114. In such cases, the burden of proof falls on the defendant rather than the plaintiff, under the theory that the defendant fiduciary should justify his conduct by showing that he received no personal benefit from the transaction at issue. *Id.* at 114. PJC commentary suggests that this burden shifting is not appropriate in all fiduciary duty cases. *Id.* at 115 (noting, where the presumption of unfairness does not apply, that the fiduciary duty question should read "Did [the fiduciary] fail to comply with *his* fiduciary duty to [the beneficiary]?"). We express no opinion about which way is correct under Texas law.

Schwalbach *did not* comply with his fiduciary duties. The district court concluded that jury confusion led to the answer on Question No. 3 and that the verdict was irreconcilable. It granted a new trial only on Question No. 3.

During the new-trial proceedings, the district court granted the Defendants' motion *in limine,* which requested the exclusion of evidence related to the misappropriation and breach-of-contract claims based on the jury's undisputed verdict on Question Nos. 1 and 2. Robroy failed to introduce any evidence of Schwalbach's alleged breach of his fiduciary duties that did not depend on misappropriation or breach-of-contract theories.[2] The district court therefore granted summary judgment for Schwalbach on the breach-of-fiduciary-duty claim and entered a take-nothing final judgment. Robroy appealed on multiple grounds. Because we conclude that the original jury verdict was reconcilable, we resolve the case on that ground and do not reach the issues relating to the later proceedings.[3]

## II. Standard of Review and Guiding Principles

We generally review district courts' rulings on Rule 60 motions for abuse of discretion. *See Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir. Unit A 1981). The dispositive issue on appeal, however, concerns the intersection of the district court's Rule 60 ruling and the Seventh Amendment. The Seventh Amendment requires courts "to make a concerted effort to reconcile apparent inconsistencies in answers to special verdicts if at all possible. [Courts] therefore must attempt to reconcile the jury's findings, by exegesis, if necessary, before [they] are free to disregard the jury's verdict and remand the case for new trial." *Alverez v. J. Ray McDermott & Co.,* 674 F.2d 1037, 1040 (5th Cir.1982) (internal citations and quotation marks omitted); *see also Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355, 364, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962) ("Where there is a view of the case that makes the jury's answers to special

2. Robroy identified no "stand alone" breach of fiduciary duty below or on appeal. Absent "special circumstances, once an employee resigns, he may actively compete with his former employer." *Bray v. Squires,* 702 S.W.2d 266, 270 (Tex.App.-Houston [1st Dist.] 1985, no writ). Mere planning to compete—even while employed—does not necessarily constitute a breach of fiduciary duty. *See Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 199–202 (Tex.2002); *see also Navigant Consulting, Inc. v. Wilkinson,* 508 F.3d 277, 284 (5th Cir.2007) ("Even the existence of a fiduciary relationship between employee and employer 'does not preclude the fiduciary from making preparations for a future competing business venture; nor do such preparations necessarily constitute a breach of fiduciary duties.'" (citation omitted)).

3. We find no abuse of discretion in the district court's rejecting Robroy's attempts to amend its complaint and the district court's scheduling order. Robroy filed its motion for leave to file an amended complaint over seven

months after the pleading-amendment deadline, over four months after the discovery deadline, nearly two months after the relevant depositions, and less than one month before trial. Robroy filed its scheduling-order motion only two weeks before trial. The district court acted well within its discretion to deny such "eleventh-hour" requests. *See Hypes ex rel. Hypes v. First Commerce Corp.,* 134 F.3d 721, 728 (5th Cir.1998).

We also find no abuse of discretion in the district court's denial of Robroy's motion for new trial, in which Robroy argued that the jury's misappropriation-of-trade-secrets, breach-of-contract, and damages determinations went against the "great weight" of the evidence. To prevail on these claims, Robroy must show an "absolute absence" of evidence supporting the jury's verdict, and the Defendants presented evidence countering Robroy's claims. *See Whitehead v. Food Max of Miss., Inc.,* 163 F.3d 265, 269 (5th Cir.1998).

interrogatories consistent, they must be resolved that way. For a search for one possible view of the case which will make the jury's finding inconsistent results in a collision with the Seventh Amendment."). Accordingly, "[w]henever it is possible to reconcile conflicts, this [c]ourt is able to direct 'a comprehensive, final disposition to the case without infringing in the slightest upon the inviolate nature of the jury trial and resolution.'" *Alverez*, 674 F.2d at 1040 (citation omitted).

We measure the consistency of jury answers in light of the following:

> [T]he test to be applied ... is whether the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted, even though the form of the issue or alternative selective answers prescribed by the judge may have been the likely cause of the difficulty and largely produced the apparent conflict. If on review of the District Court's judgment [the appellate court] find[s] that there is no view of the case which makes the jury's answers consistent and that the inconsistency is such that the special verdict will support neither the judgment entered below nor any other judgment, then the judgment must be reversed and the cause remanded for trial anew.

*Griffin v. Matherne*, 471 F.2d 911, 915 (5th Cir.1973) (citation omitted). The "constitutional mandate to create consistency requires that we look beyond the face of the interrogatories to the court's instructions," *Alverez*, 674 F.2d at 1040, and "view the evidence in the light most favorable to upholding the jury's decision by a finding of consistency." *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 343 (5th Cir.2001).

### III. The Jury Verdict is Reconcilable

The district court concluded that the jury was confused as to Question No. 3

and ordered a new trial solely on the breach of fiduciary duty issue. Robroy maintains that this violated its Seventh Amendment rights because the district court disregarded a verdict in Robroy's favor. We disagree that the jury verdict, fairly read under the above authorities, was in Robroy's favor. We conclude that it was reconcilable with the rest of the verdict such that it was unnecessary to order a new trial on that cause of action.

Question No. 3, as posed to the jury, was "Did Joseph Schwalbach comply with his fiduciary duties ... ?" rather than "Did Joseph Schwalbach fail to comply with his fiduciary duties ... ?" A "no" answer to this question, therefore, was favorable to the plaintiff, contrary to the typical practice that a "yes" answer is required for the plaintiff to prevail on a liability question and contrary to all other liability questions presented. The jury answered "NO," prompting Robroy now to argue that the jury found that Schwalbach breached his fiduciary duty.

The most consistent and logical reading of the verdict shows that the jury intended to find that Robroy lost on every cause of action and was entitled to no recovery. More precisely, the jury inadvertently found "No, Schwalbach did not comply," instead of "Yes, Schwalbach did comply" to the breach of fiduciary duty question because of confusing wording in the question that led even the seasoned district judge and counsel to think Robroy had lost on that question. Indeed, in context, the jury's answer of "NO" would make the most sense had the interrogatory been phrased, "Did Schwalbach fail to comply with his fiduciary duties to Robroy?" instead of "Did Schwalbach comply with his fiduciary duties to Robroy?" We have long said that, where appropriate given context and the other rules described above, a "verdict can be explained by as-

suming that the jury misunderstood the question." *Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 551 (5th Cir.2005) (citing *Smith v. Tidewater Marine Towing, Inc.*, 927 F.2d 838, 843 (5th Cir.1991)); *see also Willard v. John Hayward*, 577 F.2d 1009, 1011 (5th Cir.1978) ("Even a jury verdict inconsistent on its face is not inconsistent if it can be explained by assuming the jury reasonably misunderstood the instructions.").[4]

In reconciling the verdict, we look not just to the face of the interrogatory question and answer, but "to the court's instructions as well." *Alverez*, 674 F.2d at 1040. When viewed against the instructions for Question No. 3, it is most logical and probable that the jury was inadvertently responding to whether Schwalbach breached, rather than whether he complied. Every one of the instructions except the initial question were framed in terms of "breach" or "failure to comply." Moreover, Robroy's failure to prove misappropriation or breach of the confidentiality agreement—the claims upon which its fiduciary duty claim depended—suggests the jury meant to find that Schwalbach did *not* breach, *i.e.*, "fail to comply," with his fiduciary duty.

This reconciliation also makes sense in light of the other interrogatories. For instance, the jury left Question No. 4, on civil conspiracy, entirely blank. That question mistakenly required an answer in the event the jury answered "yes" to Question Nos. 1 or 3,[5] despite the fact that Question No. 3 required a "no" answer for a finding of liability while Question No. 1 required a "yes." The most logical and probable way to reconcile this court-imposed error is exactly how the jury responded to Question No. 3: By finding that Schwalbach did not breach his fiduciary duty, yet answering in the negative to that question, the jury was not required to answer Question No. 4—either according to the instructions or because Question No. 3 was a predicate to Question No. 4.

The jury's answer of "Ø" on compensatory damages also is consistent with a finding of no breach. Even though the jury was instructed not to answer Question No. 5 in the event it answered "no" to Question Nos. 1 through 4, the jury's "inappropriate" answer on compensatory damages does not bar reconciliation. Where the jury has already answered a dispositive interrogatory, superfluous answers may be disregarded. *See, e.g., Carr v. Wal–Mart Stores, Inc.*, 312 F.3d 667,

**4.** We recognize that these cases do not deal with facts quite like these, where the jury most likely mis*read* and mis*answered* the interrogatories, rather than simply misunderstanding whether to answer the questions. For instance, in *Smith* the court reconciled the verdict even though the jury found that the defendant was not at fault in an early interrogatory, yet nonetheless apportioned responsibility and measured damages. 927 F.2d at 843. The court reasoned that these findings were not necessarily inconsistent because the jury likely misunderstood that it should not have answered the apportionment and damages questions at all. *Id.* at 842–43. We conclude that these cases nonetheless control this outcome given the inconsistency between the instructions in the question and the question itself. This case involves a con-

fusing question; where the question is clear but the jury's answer seems inconsistent with another answer regarding a similar theory of liability, then we would have the classic "irreconcilable verdict" and a different result.

**5.** The instruction immediately preceding Question No. 4 stated, "If you answered yes to Question No.'s 1, or 3 then answer Question No. 4." This phrasing erroneously conveyed that the jury should answer the civil conspiracy question in the event it found that Schwalbach complied with his fiduciary duties. Alternatively, the instruction directed the jury to ignore the civil conspiracy charge in the event it found that Schwalbach breached his fiduciary duties.

674 (5th Cir.2002); *Richard v. Firestone Tire & Rubber Co.,* 853 F.2d 1258, 1260 (5th Cir.1988). Consonant with finding no liability on all causes of action, the jury foreperson acknowledged in response to the district court's questioning that the jury should not have reached the damages question. Thus, if the jury had meant to find either liability but no damages, or liability with "incalculable" damages, the jury foreperson had the opportunity to say so. The jury foreperson indicated that the jury was unanimous in its decisions, and neither party requested a poll of the jury.

Finally, this view of the jury's answer is consistent with the way in which the case was argued to the jury in closing arguments. Counsel for both sides argued the fiduciary duty claim to the jury from the view that Robroy had the burden to demonstrate Schwalbach's "breach." If experienced lawyers were confused and therefore made arguments inconsistent with the wording of the question, it is unsurprising that the jury was confused as well.

In short, viewing the jury finding on Question No. 3 as an inadvertent misstep is the most logical view of the case given the district court's instructions to the jury, the jury's answers to other Questions, the jury's "∅" damages award, the jury foreman's statements to the district court, and the record as a whole. We view this case as an unusual situation, but application of the "usual rules" leaves a result consistent with entering a judgment in favor of Schwalbach which is the ultimate judgment in the district court.

## IV. Conclusion

Circuit precedent directs us to remand for a new trial only in the event that a fatally inconsistent special verdict supports neither "the judgment entered below nor any other judgment." *Griffin,* 471 F.2d at 915. No view of the inconsistencies here supports a verdict other than a take-nothing judgment, and the jury answers may be reconciled by concluding that the jury found that Schwalbach did not breach his fiduciary duty.[6] We therefore AFFIRM.

---

**6.** We thus need not reach the district court's *in limine* and summary judgment rulings.